# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 CV 00541 |
| I.C. SYSTEMS, INC., | ) ) Judge John J. Tharp, Jr. |
| Defendant. | ) ) ) |

## ORDER

For the reasons set forth in the Statement below, plaintiff Kathleen Taylor's motion for summary judgment is denied and defendant I.C. Systems, Inc.'s cross-motion for summary judgment is granted. Judgment on Taylor's Fair Debt Collection Practices Act ("FDCPA") claim will be entered in favor of I.C. Systems, Inc. Taylor's state law claim based on the Illinois Collection Agency Act ("ICAA") is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Enter Judgment Order. Civil case terminated.

## STATEMENT

### I. Background[1]

Taylor, a Chicago resident, incurred an alleged debt on her credit card account with Target Corporate Services ("Target"). Taylor used the credit card solely for personal expenses and not for business purposes; the alleged debt was for personal goods only. Taylor was unable to pay the debt and her account went into default. Target assigned Taylor's debt to I.C. Systems, Inc. ("ICS") for collection. ICS is licensed and acts as a debt collection agency in Illinois. It regularly collects defaulted consumer debt.[2]

On July 8, 2016, ICS mailed Taylor a collection letter that conveyed information about her debt, including an account number and balance. The collection letter stated that Taylor owed

---

[1] The facts are taken from the parties' Rule 56.1 Statements of Uncontested Material Facts in support of their motions for summary judgment. The facts are undisputed by the parties, except where specifically noted.

[2] ICS does not admit or deny this fact, but it argues that plaintiff does not provide adequate support for this fact.

$2,973.56. Most of this debt consists of interest and fees.[3] In the collection letter, ICS offered to settle Taylor's debt in full if she paid the reduced amount of $2,081.49. The letter stated:

> Would you be willing to pay 70% of your balance of $2,973.56 now to settle your account in full? To help you resolve this delinquent account, our office will accept a reduced payment amount of $2,081.49 to settle your account in full. This settlement may have tax consequences. Please consult your tax advisor.

LR 56.1 Statement of Uncontested Material Facts in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s SOF") ¶ 11, ECF No. 19.

Taylor filed her complaint on January 24, 2017, alleging that ICS violated the FDCPA by making a materially false statement in its collection letter and by using unconscionable means to collect a debt. The complaint also alleges that ICS violated the ICAA.

## II. Discussion

Taylor and ICS both move for summary judgment. Taylor argues that she is entitled to judgment in her favor because the statement in ICS's collection letter—"[t]his settlement may have tax consequences"—is deceptively misleading on its face and violates the FDCPA as a matter of law.[4] Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") 1, ECF No. 20. ICS argues that the language of the collection letter is not false, misleading, or deceptive as a matter of law and therefore, judgment should be entered in favor of ICS.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[3] ICS does not admit or deny this fact, but it argues that Taylor's support for this fact—a sworn declaration by Taylor—"runs afoul of the best evidence rule because the testimony concerns transactions of which written records have been made." Def.'s Resp. to Pl.'s SOF and Def.'s Statement of Additional Material Facts in Supp. of Def.'s Cross-Mot. for Summ. J. ("Def.'s SOF") ¶ 13, ECF No. 29.

[4] In her complaint, Taylor alleges that ICS violated two provisions of the FDCPA—15 U.S.C. § 1692e and 15 U.S.C. § 1692f—and the ICAA. In her motion for summary judgment, however, she does not advance any arguments in support of her § 1692f allegations or her ICAA claim. ICS responded to Taylor's motion with its own cross-motion asserting that Taylor had abandoned reliance on § 1692f, but Taylor correctly noted in her reply brief that she was not required to move for summary judgment on all possible grounds. She affirms, however, that the same fate must befall both FDCPA theories by arguing that summary judgment is warranted on the § 1692f claim "for the same reasons" that she requests summary judgment under § 1692e. Pl.'s Reply to Def.'s Mem. and Resp. to Def.'s Cross-Mot. for Summ. J. ("Pl.'s Reply") 2-3, ECF No. 32. Taylor also states in her reply brief that ICS violated the ICAA by impliedly threatening to disclose information to the IRS, *id.* at 1, but she offers no substantive argument on that point and does not expressly seek summary judgment based on the ICAA. For its part, ICS does not argue that the ICAA claim was abandoned, or undeveloped, or otherwise forfeited and, accordingly, this opinion does not address that claim.

56(a). When considering a motion for summary judgment, the court must "construe all facts and reasonable inferences in the light most favorable to the non-moving party." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015). On cross-motions for summary judgment, the court draws inferences "in favor of the party against whom the motion under consideration was made." *Id.*

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute outlaws certain specific conduct, including "the threat to take any action that cannot legally be taken or that is not intended to be taken" and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(5), (10).

When determining whether a communication violates the FDCPA, the court must examine it from the standpoint of an unsophisticated consumer. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004). To prevail, a plaintiff must prove that an unsophisticated consumer would be deceived or misled by the statement. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009). The unsophisticated consumer "may be 'uninformed, naïve, or trusting,'" but also possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence' and is capable of making basic logical deductions and inferences." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (quoting *Petit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). An unsophisticated consumer "may tend to read collection letters literally, [but] he does not interpret them in a bizarre or idiosyncratic fashion." *Pettit*, 211 F.3d at 1060. A statement will be considered misleading under the unsophisticated consumer standard only if "a significant fraction of the population would be similarly misled." *Id.*

Taylor argues that ICS's statement—"[t]his settlement may have tax consequences"—was false and deceptive because ICS was not required and did not intend to report the settlement to the IRS.[5] Pl.'s Mem. 0-1, ECF No. 20. She claims that there would have been no "tax consequences" of the settlement because there is "no set of circumstances under which the IRS would become involved as a result of ICS's settlement offer." *Id.* at 9-11. She also argues that the statement is misleading because it does not identify the specific tax consequences that might result from the settlement or explain the applicable exceptions to those consequences.

ICS counters that the tax consequences statement in its collection letter is accurate and not misleading because forgiven debt is considered gross income to the individual debtor. According

---

[5] Taylor asserts that because most of her alleged debt to Target consisted of interest and fees it was therefore excepted from an IRS reporting requirement. Under the Internal Revenue Code, if an entity discharges in whole or in part a person's debt during a calendar year, the entity must file with the IRS a 1099-C form setting forth certain information about the individual and the discharged debt. 26 U.S.C. § 6050P(a); 26 C.F.R. § 1.6050P-1(a). Several exceptions, however, apply to the 1099-C requirement. *See* 26 U.S.C. § 6050P(b); 26 C.F.R. § 1.6050P-1(d). The filing is not necessary if the discharge is less than $600, and a discharge of interest or of an amount other than the stated principal need not be reported. *Id.*

3

to ICS, because Taylor might have been required to report as taxable income the debt discharged by the settlement, the collection letter does not violate the FDCPA. ICS further argues that the letter does not state or imply that ICS will report the settlement to the IRS, or that it will take any action at all.

In *Dunbar v. Kohn Law Firm, S.C.*, the Seventh Circuit recently addressed an identical tax consequences statement that was included in a debt collection letter. In that case, the defendant collection agencies sent collection letters to the plaintiff debtors offering to settle their debts at a significant discount. --- F.3d ----, 2018 WL 3469358, at *1 (7th Cir. 2018). The letters included the same statement: "this settlement may have tax consequences." *Id.* The Court of Appeals ruled that the statement is literally true because the discharge of a debt is generally considered taxable income under 26 U.S.C. § 61(a)(11). *Id.* at *2. Even though some exceptions apply—the discharge of a debt is not taxable if it occurs while the taxpayer is insolvent—the "generalized statement that a debt settlement 'may' have tax consequences" is nonetheless "true on its face." *Id.* Furthermore, the Seventh Circuit ruled that the literally true tax consequences statement is not misleading under the objective unsophisticated consumer test. *Id.* at *2-4. The court held that the statement does not convey that the debt collector or creditor will report the debtor to the IRS. *Id.* at *2. That reading, the Court ruled, is bizarre and idiosyncratic because the statement "says nothing whatsoever about IRS reporting." *Id.* The court also rejected the plaintiffs' arguments that the statement was misleading because most recipients of debt collection letters are insolvent and therefore would not actually incur a tax liability from a discharged debt. *Id.* "An unsophisticated consumer would not understand the word 'may' to mean 'will.'" *Id.* Furthermore, the Court of Appeals found that the statement does not imply that the debt collector may or will do something that it has no authority to do and does not mischaracterize a mere possibility as a certainty. *Id.* at *3-4.

The Seventh Circuit's ruling in *Dunbar* controls the outcome of this case.[6] Under *Dunbar*, ICS's tax consequences statement, on its face, is not false, misleading, or deceptive. *See id.* at *2-5. The *Dunbar* court explicitly addressed and rejected the arguments Taylor raises in support of her motion for summary judgment.[7] ICS's statement does not convey or impliedly threaten that ICS might report the settlement to the IRS because the statement "says nothing whatsoever about IRS reporting." *See Dunbar*, 2018 WL 3469358, at *2. Furthermore, the statement does not imply, as Taylor argues, that certain outcomes that legally cannot come to pass might befall Taylor. The

---

[6] Despite the fact that it controls the disposition of this case, neither party has made any filing seeking to advise the Court of the Seventh Circuit's ruling in *Dunbar*.

[7] Although *Dunbar* addressed only a claim under § 1692e, its reasoning also disposes of Taylor's § 1692f theory. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Under *Dunbar*, ICS's tax-consequences statement is accurate and does not improperly invoke the IRS, imply ICS will take an action against Taylor that it has not authority to take, or mischaracterize a possibility as a certainty. *Dunbar*, 2018 WL 3469358, at *2-5. The statement, therefore, is not unfair or unconscionable. If the tax-consequences warning was not misleading or deceptive under § 1692e, the Court finds no basis (and Taylor offers none) to conclude that it was nevertheless "unfair" or "unconscionable" under § 1692f. *See McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter").

generalized statement that "a debt settlement 'may' have tax consequences is true on its face." *Id.* In addition, because an unsophisticated consumer "would not understand the word 'may' to mean 'will,'" ICS's failure to describe the specific potential tax consequences and the applicable exceptions to those consequences does not render the statement misleading. *See id.* The *Dunbar* court also rejected as implausible Taylor's claim that the statement would influence an unsophisticated consumer to pay the full amount of her debt out of fear of the "tax consequences." *Id.* at *3. ("The letters are invitations to settle the debt and are clearly meant to encourage the debtor to take advantage of the discount offered.")

Because the statement in ICS's collection letter is not misleading or deceptive, the court grants summary judgment on Taylor's FDCPA claim in favor of ICS. *See Ruth*, 577 F.3d at 800 (holding that where the statement at issue in a § 1692e case is plainly, on its face, not misleading or deceptive, the court must grant dismissal or summary judgment in favor of the defendant). The Court denies Taylor's motion for summary judgment and grants ICS's cross-motion for summary judgment on the FDCPA claim. Because neither party has sought summary judgment on the ICAA theory or otherwise addressed that theory substantively, the Court declines to exercise its discretion to adjudicate Count II and dismisses it without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[8]

Date: July 30, 2018

John J. Tharp, Jr.
United States District Judge

---

[8] The Court notes that Count II of the complaint does not actually state a claim against ICS; rather, it targets an entity referred to as "Global" on a different factual basis than is otherwise asserted in the complaint. Compl. ¶ 50, ECF No. 1. In all likelihood, paragraph 50 of the complaint is a remnant of a previous complaint drafted by plaintiff's counsel. ICS has made nothing of this error, however, so the Court declines to dispose of the claim on this basis either.